Lawrence C. Jones, Esq. (SBN 162749)
LAW OFFICE OF LAWRENCE C. JONES
34 Hurricane Street
Marina Del Rey, CA 90292
Telephone: (310) 428-7869
Facsimile: (310) 827-3021
Email: larry@lawjones.net

Mark D. Giarratana (admitted *pro hac vice*)
Eric E. Grondahl (admitted *pro hac vice*)
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6700

Attorneys for Plaintiff Jarrow Formulas, Inc.

R. David Donoghue (State Bar No. 205730)
HOLLAND & KNIGHT, L.L.P.
131 S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666
Email: david.donoghue@hklaw.com

Attorney for Defendant NOW Health Group, Inc.
d/b/a NOW Foods

SRI K. SANKARAN (SBN 236584)
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-8856
Email: sankaran.sri@dorsey.com

Attorney for Plaintiff Soft Gel Technologies, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | | |
|---|---|---|
| 1 | JARROW FORMULAS, INC., | Case No.: CV10-8301 PSG (JCx) |
| 2 | Plaintiff, | Hon. Philip S. Gutierrez |
| 3 | vs. | *AMENDED* **PROTECTIVE ORDER** |
| 4 | NOW HEALTH GROUP, INC., d/b/a NOW Foods, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | | |
| 8 | SOFT GEL TECHNOLOGIES, INC., | Case No.: CV11-0164 PSG (JCx) (consolidated) |
| 9 | Plaintiff, | |
| 10 | vs. | |
| 11 | JARROW FORMULAS, INC., | |
| 12 | Defendant. | |

///

///

///

///

///

///

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Jarrow Formulas, Inc. and Defendants NOW Health Group, Inc. d/b/a NOW Foods and Soft Gel Technologies, Inc. (together, the "parties") as set forth herein.

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which require special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

**1)     Designation of Discovery Materials as Confidential.** All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all deposition testimony and deposition exhibits, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court during discovery-related proceedings or in other settings outside of the court that might reveal same shall be subject to this Order concerning confidential information, as set forth below. Presentations or disclosures made during non-discovery related pretrial court proceedings and/or trial are not subject to this Order, and shall be raised with the judicial officer conducting such proceedings at the appropriate time.

a)     "Confidential Information" for purposes of this Order includes two categories of information: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". The designation of such Confidential Information shall be made by placing or affixing those words on the documents, in a manner which will not interfere with their legibility. One who provides material may designate it as "CONFIDENTIAL" for purposes of avoiding invasion of privacy or protecting proprietary information,

confidential business or financial information, trade secrets, personal or financial affairs.  One who provides material may designate it as "ATTORNEYS' EYES ONLY" only when such person in good faith believes the information is particularly sensitive because it relates to trade secrets, technical practices or methods, research or development, marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties that, if discovered by the opposing party, might give the opposing party a competitive advantage over the producing party.  Except for documents produced for inspection at the party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked as Confidential Information.  Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked in accordance with this Order after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before such documents are copied and marked in accordance with the requirements of this Order.  Confidential Information shall not include information that (i) become public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulated Protective Order; (ii) is or was acquired lawfully by a non-designating party that has no obligation to the owner of the information; (iii) is or was disclosed by a non-designating party with the approval of the designating party; or (iv) is or has been independently developed by the Receiving Party.

   b)  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY only if they are designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript.  Any

testimony which describes a document which has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall also be deemed to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as the case may be.

c) Information or documents designated as CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (d) and (f) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as CONFIDENTIAL under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed, and who execute the acknowledgement attached hereto at **Exhibit A** prior to receipt of any such documents.

iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iv) Disclosure may be made to non-party consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit only after ten (10) business days following written notice to the opposing party of the proposed

1  disclosure to the consultant, investigator, or expert.  With the written notice shall be
2  included a fully executed copy of the acknowledgement attached hereto at **Exhibit B**,
3  completed by the consultant, investigator, or expert.  If the opposing party objects, in
4  writing, to disclosure to the consultant, investigator, or expert within the ten (10) day
5  period, no disclosure of material designated as CONFIDENTIAL may be made to the
6  consultant, investigator, or expert.  If the parties cannot resolve the issue after
7  conferring in accordance with Local Rule 37-1, the party objecting to the proposed
8  disclosure may thereupon move in accordance with Local Rule 37 to request an
9  appropriate order from the Court disqualifying the consultant, investigator, or expert
10 or protecting against the proposed disclosure to the consultant, investigator, or expert.
11 Failure to seek a court order within the time provided herein shall constitute a waiver
12 of the objecting party's objection.  Until the Court rules on the matter, no disclosure of
13 material designated as CONFIDENTIAL shall be made to the consultant, investigator,
14 or expert.  Nothing herein shall give any party the right to depose or obtain any
15 discovery from any expert disclosed herein unless such expert is disclosed pursuant to
16 Fed. R. Civ. P. 25(a)(2).

17 　　　　e)　　Information or documents designated as ATTORNEYS' EYES ONLY
18 under this Order shall not be used or disclosed by counsel for the parties or any
19 persons identified in subparagraph (f) below for any purposes whatsoever other than
20 preparing for and conducting the litigation in which the information or documents
21 were disclosed (including appeals).

22 　　　　f)　　Counsel for the parties shall not disclose or permit the disclosure of any
23 documents or information designated as ATTORNEYS' EYES ONLY under this
24 Order to any other person or entity, including any employees, representatives, officers
25 or directors of the non-disclosing party, except that disclosures may be made in the
26 following circumstances:

27 　　　　　　i)　　Disclosure may be made to outside counsel and employees of
28 outside counsel for the parties who have direct functional responsibility for the

preparation and trial of the lawsuit.

      ii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

      iii)    Disclosure may be made to non-party consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by counsel for the parties or the parties, themselves, to assist in the preparation and trial of the lawsuit. Disclosure may be made only after ten (10) business days following written notice to the opposing party of the proposed disclosure to the consultant, investigator, or expert. With the written notice shall be included a fully executed copy of the acknowledgement attached hereto at **Exhibit B**, completed by the consultant, investigator, or expert. If the opposing party objects, in writing, to disclosure within the ten (10) day period, no disclosure of materials designated as ATTORNEYS' EYES ONLY may be made to the consultant, investigator, or expert. If the parties cannot resolve the issue after conferring in accordance with Local Rule 37-1, the party objecting to the proposed disclosure may thereupon move in accordance with Local Rule 37 to request an appropriate order from the Court disqualifying the consultant, investigator, or expert or protecting against the proposed disclosure to the consultant, investigator, or expert. Failure to seek a court order within the time provided herein shall constitute a waiver of the objecting party's objection. Until the Court rules on the matter, no disclosure of material designated as ATTORNEYS' EYES ONLY shall be made to the consultant, investigator, or expert. Nothing herein shall give any party the right to depose or obtain any discovery from any expert disclosed herein unless such expert is disclosed pursuant to Fed. R. Civ. P. 25(a)(2).

    g)    Except as provided in subparagraphs (d) and (f) above, counsel for the parties shall keep all documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

h)      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential Information under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to be consistent with the original, if those words do not already appear.

**2)      Confidential Information Filed with Court.**

(a)     Confidential Information that is included in any legal paper (*i.e.*, a paper intended to be filed with the Court) served in this action, whether appended as an exhibit or incorporated into a pleading, affidavit, declaration, memorandum of law or other legal document, shall be subject to the terms of this Stipulated Protective Order, and such information may be disclosed by the receiving party only to those persons above.  The party filing any legal paper, document or thing with the clerk of the Court that contains any Confidential Information shall apply to file the Confidential Information under seal in accordance with the provisions of Local Rule 79-5.1.

(b)     Notwithstanding the foregoing, a courtesy copy of any legal paper specifically intended for review by the Court may be hand-delivered to the Court's chambers for review by the Court provided that the cover page of the legal paper be marked with the caption of the case and the notation:

**CONTAINS CONFIDENTIAL INFORMATION**

(c)     Notwithstanding the foregoing, where a party wishes to include in a legal paper a writing containing Confidential Information, but the Confidential Information contained in such writing is not relevant to the purpose for which the writing is being offered to the Court, the party including such writing in a legal paper may, in lieu of the procedures set forth above, submit a redacted copy of the writing.  In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing in close proximity to where the confidential information would have appeared.

(d)     Except for material filed with the clerk of the Court or delivered to the Court as provided above, all materials containing information that has been designated as Confidential Information shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

(e)     Nothing contained in this Stipulated Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.  Nothing herein shall operate as any admission by any of the parties hereto that any particular materials contains or reflects trade secrets, or other confidential or proprietary information.

**3)     Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves pursuant to Local Rule 37 for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**4)     Challenging Designation of Confidentiality.**

(a)     Any challenge to a designating party's confidentiality designation shall be made as promptly as the circumstances permit.

(b)     A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party.  The challenging party must explain why it believes the confidentiality designation is improper.  The designating party shall have five (5) court days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation.  A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

(c)     If the parties are unable to informally resolve a challenge to a particular

designation, the challenging party may file and serve a motion pursuant to Local Rule 37 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

      **5)**    **Errors in Designation.** A producing party that inadvertently fails to designate an item pursuant to this Stipulated Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the producing party shall, to the extent reasonably feasible, return to the producing party or destroy all copies of such undesignated documents and shall honor the provisions of this Stipulated Protective Order with respect to the use and disclosure of any Confidential Information contained in the undesignated documents, from and after the date of designation.

      **6)**    **Improper Disclosure.** If information designated pursuant to this Stipulated Protective Order is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

      **7)**    **Inadvertent Production.** Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product

doctrine prior to the disclosure of any such materials.  The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no producing party shall be held to have waived any rights thereunder by inadvertent production.  If a producing party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the producing party shall promptly give written notice to counsel for the receiving party.  The receiving party shall take prompt steps to ensure that all known copies of such material are returned to the producing party.  The receiving party may afterwards contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

**8) Duration and Return of Confidential Material at Conclusion of Litigation.**  Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.  At the conclusion of the litigation, all material treated as Confidential Information under this Order and in the possession of a party shall be returned to the originating party.  If the parties so stipulate, the materials may be destroyed instead of being returned.  Counsel for the parties may retain one copy for archival purposes.

**9) Materials Ordered Produced or Subpoenaed in Another Litigation**

(a) If a Receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, no more than ten (10) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all

the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**10) Draft Expert Reports.** Federal Rule of Civil Procedure 26(b)(4), as amended effective December 1, 2010, shall govern discovery of expert reports in these consolidated actions notwithstanding the fact that that the *JFI v. NOW* action (CV10-8301 PSG (JCx)) was filed in November 2010.

**11) Privilege Log.** A Producing Party may withhold production of a document based on the assertion that the otherwise responsive document is privileged (i.e., attorney-client privilege, work product doctrine, and/or common interest privilege). For each document so withheld created on or before November 2, 2010, the producing party must list it on a privilege log. The privilege log shall be produced to the receiving party within a reasonable time after the production of any documents from which any documents have been withheld as privileged, or as otherwise provided by Court Order. Documents and communications between trial counsel and a Producing Party are not subject to listing on the privilege log.

**12) Disclosure of Confidential Information by Non-Parties.** Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information as Confidential Information in accordance with this Stipulated Protective Order; and (b) signing a

copy of this Stipulated Protective Order, which shall be deemed their written consent to be bound thereby. Any non-party who invokes the protection of this Stipulated Protective Order shall also be bound by its obligations.

Respectfully Submitted,

Dated: November 16, 2011          JARROW FORMULAS, INC.

By: /s/ Mark D. Giarratana
MARK D. GIARRATANA
Attorney for Plaintiff Jarrow Formulas, Inc.

Dated: November 16, 2011          NOW FOODS

By: /s/ R. David Donoghue
R. DAVID DONOGHUE
Attorney for Defendant NOW FOODS

Dated: November 16, 2011          SOFT GEL TECHNOLOGIES, INC.

By: /s/ Sri K. Sankaran
SRI K. SANKARAN
Attorney for Plaintiff Soft Gel Technologies, Inc.

Dated: November 23, 2011          IT IS SO ORDERED:

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

WHEREAS, I, _____, am an employee of _____ and may have cause to examine materials that are designated "CONFIDENTIAL" pursuant to the foregoing Amended Protective Order entered in Civil Action No. 2:10-cv-08301-PSG-JC ("Amended Protective Order"). I have read and understand the provisions of the foregoing Amended Protective Order. NOW, THEREFORE, I hereby consent to be bound by the provisions of the Amended Protective Order and to abide by all its terms with respect to materials deemed confidential in this proceeding.

Dated:_____

Name:_____

Address:_____

_____

**EXHIBIT B**

I, _____, declare as follows:

1. My present employer is _____.

2. My business address is _____.

3. My occupation is _____.

4. In the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary): _____ _____.

5. I have reviewed a copy of the Amended Protective Order entered in Civil Action No. 2:10-cv-08301-PSG-JC ("Amended Protective Order"), and I understand and agree to be bound by its terms and provisions.

6. I will hold in confidence, will not disclose to anyone not qualified or cleared under the Amended Protective Order, and will use only for approved purposes in this litigation, any "Confidential" or "Attorneys' Eyes Only" information or documents which are disclosed to me.

7. I will return all "Confidential" or "Attorneys' Eyes Only" information and documents that come into my possession, and all documents or things which I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

8. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the Amended Protective Order in this litigation.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____

Name:_____

Address:_____

McCarter & English, LLP